## Case No. 3,823.

### The DESPATCH.

### [2 Gall. 1.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1813.

##### PRIZE—JOINT CAPTURE—DISTRIBUTION.

In cases of joint capture by privateers, they share in proportion to the number of men composing their respective crews.

Mr. Williams, for the Castigator.

Cummings and Sprague, for joint captors.

STORY, Circuit Justice. The brig Despatch and cargo were captured by the privateer Castigator in company with the privateer Fame, and, upon the whole evidence in the cause, it appears to be a clear case of joint capture. By consent of the parties, a decree pro forma in favor of the captors has been rendered against the claimants, upon which an appeal is to be interposed, and the only question, remaining for the consideration of the court, is the relative proportion, in which the privateers shall respectively share. The Castigator had one gun of 6 lbs. and 19 men, and the Fame two guns of 4 lbs. and 18 men. As between public ships of the United States this point is settled by the 7th article of the rules for the distribution of prizes, in the act of April 23d, 1800 (5 Laws U.S. 108 [2 stat. 53]), which provides, that in cases of joint capture, the capturing ships shall share "according to the number of men and guns on board each ship

¹ [Reported by John Gallison, Esq.]

in sight." But as to private armed ships, no regulation has been adopted, and of course the distribution must be governed by the general rules of the prize jurisdiction.

Upon general principles, it would seem reasonable, in cases of joint capture, that the distribution should be made according to the relative strength of the capturing ships. In that proportion the intimidation of the enemy, which would lead to a surrender, would ordinarily be supposed to exist, where no battle should be actually fought; and in cases of actual battle, the degree of injury done to the enemy would be estimated in the same manner. And, in a middle class of cases, where one ship was actually engaged, and the other only in general co-operation, the ultimate surrender might be well attributed, as much to the despair of escape from the combined force, as the immediate injury from the engaging force. And, indeed, to attempt a discrimination founded upon different degrees of exertion, would be very difficult, if not wholly impossible, in practice. Bynkershoek, therefore, and he alone is a great authority, lays down the rule, that the parties shall, in joint captures, share in proportion to their respective strength. Bynk. c. 18, Per Dup. 164. And this I apprehend to be the rule adopted in the prize courts of England and France; and perhaps it forms the basis of the distribution among the other maritime powers of Europe. Vide Duckworth v. Tucker, 2 Taunt. 7. In the manner of estimating the relative strength a great diversity of regulation exists. Valin in his treatise of prizes (Des Prises, c. 18), states that in France the mode varies in three classes of cases of joint capture. 1. Between a public ship and a privateer, the distribution is in proportion to the number of cannon. 2. Between privateers, in proportion to the force and equipments, the number and the caliber of the cannon of the respective ships; and the estimate in this case, depending upon such heterogeneous and complex combinations, is reduced to an unity of denomination by an arbitrary valuation of the component parts. 3. Between public ships, in proportion to the number and caliber of their respective batteries of cannon.

In England, as between public ships, cases of joint capture do not present any difficulty in the distribution. By the king's proclamation, the whole property is shared by all the officers and crews of the capturing ships according to certain fixed proportions in which all the officers of equal rank obtain an equal share. For instance, the captain of the capturing ship is entitled to three eighths of the prize, and in joint captures, the same three eighths are distributed equally among all the officers of that rank. 2 C. Rob. Append. No. 9. As to privateers, no statute regulation exists, and therefore their claims are settled by the general law of relative strength. This relative strength is to be measured, as has been settled by solemn ad-

judications at the cockpit and in the king's bench, by the number of men on board each ship. Roberts v. Hartley, 1 Doug. 311. This rule has the advantage of great practical simplicity and general equity. It seems bottomed on the soundest sense, and places the relative force in the power and activity of animated beings, in which it must always ultimately reside, rather than in the mere instruments, which without such power and activity would be useless and unavailing. I consider this rule of the admiralty, as decisive of the present claims, and I accordingly adjudge and decree, that the privateer Castigator shall be entitled to 19-37th parts, and the privateer Fame to 18-37th parts of the property subject to condemnation, to be distributed among the officers, crews and owners, of said privateers, respectively, according to law.